# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL CASE NO. 3:12-CV-222-MR
### CRIMINAL CASE NO. 3:08-CR-130-MR

| | |
|---|---|
| **BRIAN JERMAINE BLAKENEY,** ) | |
| **Petitioner,** ) | |
| ) | **MEMORANDUM OF** |
| **vs.** ) | **DECISION AND ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's original and amended Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255. [Cv Docs. 1; 6].[1]

## PROCEDURAL BACKGROUND

Petitioner was named in an indictment returned by the grand jury for this District on May 29, 2008. [Cr Doc. 1]. Petitioner was charged with the single offense of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). [Id.]. On January 26, 2009, Petitioner pled guilty to the charge contained in the Indictment. Following Petitioner's guilty plea, the

_____

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "Cv" denoting the document is listed on the docket in the civil case file number 3:12-CV-222, or the letters "Cr" denoting the document is listed on the docket in the criminal case file number 3:08-CR-130.

Probation Office conducted a pre-sentence investigation and filed a draft Presentence Report with the Court on April 29, 2009. [Cr Doc. 17]. Petitioner's Final Revised PSR was filed June 24, 2009. [Cr Doc. 20].

At sentencing, the Court imposed upon Petitioner a 69 month term of imprisonment. [Cr Doc. 23]. The Court entered its judgment on July 2, 2009. [Cr Docket Sheet]. Petitioner did not appeal, but on April 9, 2012, Petitioner filed a motion to vacate his conviction under 28 U.S.C. § 2255. [Cv Doc. 1]. Petitioner argues in his 2255 motion and amended motion that he is actually innocent of the firearm offense because the predicate conviction alleged in the Indictment does not qualify as "felony" for purposes of § 922(g)(1). [Cv Docs. 1; 6].

## FACTUAL BACKGROUND

According to Petitioner's PSR, the following undisputed facts describe the Petitioner's offense of conviction:

> On January 11, 2008, a Charlotte-Mecklenburg Police Department (CMPD) officer was traveling on East Sugar Creek Road near Eastway Drive when he observed a sports utility vehicle. The vehicle was driven by James Rorie. Brian Blakeney was in the right front passenger seat of the vehicle and was firing a handgun out of the window. The officer initiated a traffic stop and the vehicle pulled into the parking lot at Garringer High School. As the officer ordered both passengers out the vehicle, he observed a .357 shell casing fall from Blakeney's waist and strike the ground. Both the driver and Blakeney were secured and a search of the vehicle was conducted. The officer could not locate the gun and asked Blakeney the location of the firearm.

Blakeney told the officer that he did not know what he was talking about. The CMPD officer then retraced the path of the vehicle and found a Taurus .357 revolver at the intersection of East Sugar Creek Road and Eastway Drive. This firearm was reported stolen in Union County, North Carolina. Blakeney was charged with Possession of Stolen Goods and Discharging a Firearm in City Limits. Rorie was arrested for Driving While License Revoked.

[Cr Doc. 20 at 3].

Based on these facts and the Petitioner's criminal record, the grand jury in this District returned an indictment alleging that:

On or about January 11, 2008, in Mecklenburg County, within the Western District of North Carolina, BRIAN JERMAINE BLAKENEY having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, that is, BLAKENEY was convicted on or about March 19, 1996, in the Superior Court of Union County, North Carolina, of Possession with Intent to Sell and Deliver Cocaine, did knowingly and unlawfully possess a firearm, in and affecting interstate commerce, that is, a handgun, in violation of Title 18, United States Code, Section 922(g)(1).

[Cr Doc. 1].   It is the March 19, 1996, North Carolina conviction for Possession with Intent to Sell and Deliver Cocaine that the Petitioner argues does not constitute a felony under federal law.

## STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in

order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. <u>Raines v. United States</u>, 423 F.2d 526, 529 (4th Cir. 1970).

## DISCUSSION

Petitioner argues that he is legally innocent of the charge of being a felon in possession of a firearm because his past conviction alleged in the Indictment does not constitute a "felony" under federal law, citing <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011) (<u>en banc</u>).[2] [Cv Docs. 1 at 3; 3 at 6].

Petitioner's claim of actual innocence is grounded in the notion that his guilty plea to being a felon in possession of a firearm was unconstitutionally obtained. "A plea of guilty is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.' <u>Brady v. United States</u>, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970)." <u>Bousley v. United States</u>, 523 U.S. 614, 618 (1998). Petitioner claims that his plea was not voluntarily and

---

[2] The Court observes that Petitioner's 2255 motion is untimely, not having been filed within one year of his conviction becoming final. 28 U.S.C. § 2255(f)(1). The U.S. Attorney in this District, however, has been amenable to waiving the statute of limitations defense in many 2255 proceedings where the petitioners brought "actual innocence" claims premised on <u>Simmons</u>. Because a governmental waiver would not alter the outcome of this case, the Court will proceed with its analysis as if the Petitioner's 2255 motion were deemed timely filed.

intelligently made because he pleaded guilty to an offense that specifically identified a predicate felony conviction, which under Simmons, was not a felony at all. In order to preserve this type of claim for habeas purposes, a defendant first would have to seek relief on direct appeal and challenge his guilty plea on constitutional grounds. "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Id. at 621 (internal citation and quotations omitted). Petitioner's failure to seek direct appeal, however, will be excused if he can show that he is actually innocent of the crime to which he tendered his guilty plea. Id. at 623-24.

Petitioner contends, in light of Simmons, that "he did not have a prior conviction that was [sic] in excess of one year, he was 'not' a convicted felon and is actually and factually innocent to [sic] of the crime that he was convicted of." [Cv Doc. 6 at 3]. In Simmons, the en banc Fourth Circuit held that, in order for a prior conviction to serve as a predicate felony offense under North Carolina law, the individual defendant must have been convicted of an offense for which *that* defendant could be sentenced to a term of imprisonment exceeding one year. Simmons, 649 F.3d at 243. In reaching this holding, the full court over ruled its prior precedent in United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which held that "to determine whether a conviction is for a crime punishable by a prison term exceeding one year"

under North Carolina law, "we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. at 246.[3]  In reconsidering Harp and Jones, the Simmons majority dismissed as improvident its previous "hypothetical defendant" analysis set forth in those decisions.  Instead, the Court deferred to the North Carolina legislature and its adoption of a strictly regimented sentencing scheme that requires sentencing judges to effectively tailor the statutory maximum punishment available to each individual defendant.  Simmons, 649 F.3d at 250 (internal citation and quotation omitted).

Here, the Petitioner's predicate offense alleged in the Indictment, his March 19, 1996, North Carolina conviction for Possession with Intent to Sell and Deliver Cocaine, was an offense for which Petitioner actually received a 6-8 month sentence and for which he could not have received more than one year in prison.  [Cv Doc. 20 at 6].  Accordingly, the Indictment fails to assert a valid qualifying predicate conviction necessary to charge Petitioner for the § 922(g)(1) offense to which he pleaded guilty.

---

[3] Although not mentioned by the majority in Simmons, the Court's over ruling of Harp necessarily over ruled United States v. Jones, 195 F.3d 205 (4th Cir. 1999), which previously embraced the "hypothetical defendant" approach in determining whether a person's prior conviction under North Carolina law was punishable by a prison term exceeding one year.

That, however, is not the end of the inquiry. There remains the issue of whether vacating the Petitioner's conviction would be a futile act. If Petitioner has *any* qualifying predicate felony convictions to support to a § 922(g)(1) offense, the Government could seek Petitioner's re-indictment after the vacateur of his conviction. This offense, having been committed on January 11, 2008, would now appear to be outside the five-year statute of limitations thus prohibiting any further prosecution. See, 18 U.S.C. § 3282 (five year limitations period applicable for most non-capital offenses). Nevertheless, Congress anticipated situations such as the one presented in this case when it enacted 18 U.S.C. § 3288. In pertinent part, that statute states,

> Whenever an indictment or information charging a felony is dismissed for any reason after the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned in the appropriate jurisdiction within six calendar months of the date of the dismissal of the indictment or information[.]

Id. Because this District's grand jury could charge the Petitioner anew if it were to find a qualifying predicate conviction, the Court will examine the record to see whether Petitioner had accumulated any felony convictions valid under Simmons prior to his commission of the instant offense.

The Court need not look farther than the Petitioner's Presentence Report. Paragraph 46 of the PSR discloses that Petitioner sustained a drug

conviction in the State of South Carolina on November 6, 2006, for which he received a 3 year sentence that was suspended. [Cv Doc. 20 at 11]. Since this South Carolina conviction is clearly for a crime punishable by a term of imprisonment exceeding one year, it is a felony under federal law.[4] Further, because Petitioner's South Carolina conviction predated his commission of the instant offense, it constitutes a "previous" felony for purposes of 18 U.S.C. § 922(g)(1). There is, therefore, a lawful predicate that would support Petitioner's conviction in this matter without considering his March 19, 1996, North Carolina conviction.

Based upon the foregoing, it would be a squandering of scarce judicial resources for the Court to vacate Petitioner's current conviction since the prosecutorial cycle could be replicated with the substitution of Petitioner's South Carolina conviction for his <u>Simmons</u>-infirm North Carolina conviction. The Court will not grant Petitioner's motion and thereby instigate such useless activity. Finally, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a

---

[4] Because the South Carolina conviction clearly supports a 922(g)(1) charge, the Court need not analyze two other of Defendant's convictions for which the PSR reflects that the Defendant received a 12 month active sentence. [Cr Doc. 18 at 9, 10, paragraphs 36 and 40].

constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion to Vacate [Cv Doc. 1], as amended [Cv Doc. 6], is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability. The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: April 28, 2015

Martin Reidinger
United States District Judge